GENERAL COMMERCIAL SECURITIES CORPORATION, a Corporation organized and existing under the laws of the State of Florida, *Plaintiff in Error*, vs. MARTHA CALL, ne MARTHA FARLEY, *Defendant in Error*.

141 So. 879.

En Banc.

Opinion filed May 31, 1932.

Petition for rehearing denied June 30, 1932.

*J. Ollie Edmunds*, for Plaintiff in Error;

*M. S. McGregor*, for Defendant in Error.

PER CURIAM.—A married woman agreed to buy corporate stock, paid $300.00 thereon, and gave a note for $1200.00, the balance of the purchase price. She failed

to pay the note and for that reason the stock was not delivered to her. In an action by her to recover the $300.00 paid by her, the court directed a verdict for the plaintiff. The defendant took writ of error to a judgment for the plaintiff rendered on the directed verdict.

When a married woman makes a partial payment on corporate stock purchased by her and then refuses to complete the payments as agreed, she cannot recover the amount paid by her when the seller has not breached the contract. In this case the entire amount was to be paid before delivery of the stock and the seller did not breach the contract by not delivering stock to the amount of the partial payment made. The note for the balance of the purchase price of the stock contains the following:

"This note is given as part payment for 15 units of stock in the Mortgage and Acceptance Corporation, a corp., and said stock is held by said MORTGAGE AND ACCEPTANCE CORPORATION, a corporation, as collateral to secure the payment thereof. It is understood that upon the failure of the maker to pay this note or any of the payments thereon, a surrender or release of such collateral shall satisfy such note in full and no further recourse shall be had against the maker hereof. I hereby agree that should I fail to pay said note or any part thereof when same becomes due, any claim which I have to said stock be and the same is hereby released and surrendered and no suit or demand shall be maintained against me because of said note or unpaid part thereof.''

While the note may not be a binding personal obligation of the married woman, it shows the condition on which she was to acquire the stock as her property, and she cannot have recovery contrary to the condition stated by her in purchasing the property. Chapter 11910, Acts of 1927, Sections 5976-7, Comp. Gen. Laws 127, was enacted after the transaction herein occurred, and no opinion is expressed as to the effect of such statute

upon a contract made by a married woman acquiring corporate stock as her separate property.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.